[L. A. No. 17126.   In Bank.—September 6, 1939.]

MARIE HEROUX, Respondent and Petitioner, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation) et al., Appellants.

Robert Brennan, Leo E. Sievert, H. K. Lockwood for Appellants.

Russell H. Pray, Mason & Windham, Henry F. Walker and Roy J. Brown for Respondent.

SHENK, J.—Plaintiff brought this action to recover damages for personal injuries suffered in a collision between an automobile and a locomotive. From a judgment on a verdict the defendants appealed. The judgment was reversed by the District Court of Appeal on September 8, 1938. (*Heroux* v. *Atchison, Topeka & S. F. Ry. Co.*, 28 Cal. App. (2d) 401 [82 Pac. (2d) 620].)   No application for a rehearing in that court was made.   A petition for a hearing in this court was denied November 7, and on November 9, 1938, the *remittitur* went down from the District Court of Appeal.   On December

24, 1938, a notice of motion was filed in that court to recall the *remittitur*. The grounds of the motion were stated to be, (1) that the judgment of reversal was improvidently ordered upon false suggestion and under a mistake as to the facts in the case, and (2) that fraud and imposition had been practiced upon the court in procuring its judgment and upon counsel representing the respondent.

After hearing on the motion to recall, the District Court of Appeal found that the respondent was fully cognizant of the facts constituting the alleged fraud and mistake on and prior to that date of the judgment of reversal, to wit, September 8, 1938; that notwithstanding such knowledge no petition for a rehearing was filed in that court. The court concluded that when the aggrieved party was cognizant or claimed the existence of fraud or mistake affecting the appellate court's decision, it was the duty of the litigant promptly and at his first opportunity to call the court's attention to the alleged fraud or mistake; that the respondent had the opportunity thus to call the same to the attention of the court by petition for a rehearing in that court; that failing to do so the respondent should not be permitted to delay this necessary and appropriate step until after the *remittitur* had gone down, and that the respondent was therefore guilty of laches in presenting the belated motion. (See, *Heroux v. Atchison, Topeka & S. F. Ry. Co.,* ▌ (Cal. App.) 86 Pac. (2d) 841, January 24, 1939.) The court based its conclusion in part on the case of *Haydel v. Morton,* 28 Cal. App. (2d) 383 [82 Pac. (2d) 623], where on motion to recall the *remittitur* under a situation very similar to the present one it was plainly indicated that it was the duty of the aggrieved party, having full knowledge prior to the reversal of all the facts on which the claim of improvidence and mistake on the part of the appellate court in reversing the judgment for the plaintiff was based, to acquaint the court with such facts in its briefs before judgment and by petition for rehearing after the judgment was rendered.

The respondent's petition for hearing after the decision by the District Court of Appeal of her motion to recall was granted. The effect of our order was to transfer the motion to this court. The respondent insists that our order had the effect of transferring the entire cause on the merits of the appeal. Such of course was not the case. The appeal on its merits was disposed of by the judgment of the District Court of Appeal reported in 28 Cal. App. (2d) 401, *supra,* and by the order of this court denying the respondent's petition for a hearing on November 7, 1938. The only matter transferred to this court by its order was the motion to recall the *remittitur.* The appellants contend that this court was without power to transfer the motion for the reason that the District Court of Appeal has exclusive control of its own process.

When the subject matter of a motion is peculiarly within the province of the District Court of Appeal finally to decide and it appears that said court has regularly pursued its authority, its action should be deemed final. Certain it is that this court would not entertain originally a motion to recall a *remittitur* issued in due course by the District Court of Appeal. That court has control of its own process and is in best position to determine whether on such a motion originally addressed to that court it has been subjected to fraudulent imposition, or has acted improvidently or by mistake, or has been otherwise imposed upon.

The order of transfer was made because of what was deemed at the time to be an erroneous statement of law on the face of the opinion. Later examination disclosed that there were no exceptional circumstances which would require the granting of the petition and that the denial of the motion by the District Court of Appeal was regular and should have been permitted to stand. It is the rule that the order of transfer has the effect of setting aside the judgment of the District Court of Appeal and of lodging the cause in this court and placing it in the same situation as a cause originally commenced here. We are, therefore, confronted with a motion pending here which should properly be disposed of by the District Court of Appeal. It is deemed inappropriate for this court either to rule on the motion or to dismiss the same. Said motion is, therefore, transferred to the District Court

of Appeal, Second Appellate District, Division Two, for its further dispostion.

Curtis, J., Houser, J., Edmonds, J., and Pullen, J., *pro tem.*, concurred.

Rehearing denied.