128

[Civ. No. 11815.   Second Appellate District, Division Two.—October 13, 1939.]

MARIE HEROUX, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY (a Corporation) et al., Appellants.

Robert Brennan, Leo E. Sievert and H. K. Lockwood for Appellants.

Russell H. Pray, Mason & Windham, Henry F. Walker and Roy J. Brown for Respondent.

McCOMB, J.—This is a motion by respondent for an order recalling the *remittitur* heretofore issued herein on the grounds (1) that the judgment of this court was improvidently entered upon false suggestions and under a mistake as to the facts of the case, and (2) that fraud and imposition have been practiced upon this court in procuring its judgment and upon counsel representing respondent.

We denied this motion on January 24, 1939. [(Cal. App.) 86 Pac. (2d) 841.] Thereafter upon petition of respondent the Supreme Court granted a hearing of the motion. Sep-

tember 6, 1939, that court, after hearing argument and submitting the matter, retransferred the motion to this court for disposition, saying in part with reference to the order granting a hearing:

"The order of transfer was made because of what was deemed at the time to be an erroneous statement of law on the face of the opinion. Later examination disclosed that there were no exceptional circumstances which would require the granting of the petition and that the denial of the motion by the District Court of Appeal was regular and should have been permitted to stand." (*Heroux* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 14 Cal. (2d) 285 [93 Pac. (2d) 805].)

In view of the foregoing, our prior opinion is hereby adopted. It is as follows:

"The undisputed facts are:

"Respondent obtained a judgment against defendants after trial before a jury in an action to recover damages for personal injuries. From this judgment defendants appealed to this court, and, after a hearing upon the merits, we reversed the judgment of the lower court on September 8, 1938. (*Heroux* v. *Atchison, Topeka & Santa Fe Railway Co.*, 28 Cal. App. (2d) 401 [82 Pac. (2d) 620].) No application for a rehearing was filed by respondent with us. However, on October 10, 1938, she filed a petition with the Supreme Court for a hearing, which petition was denied November 7, 1938. November 9, 1938, *remittitur* issued from this court to the Superior Court.

"This is the sole question necessary for us to determine:

"*Will this court issue an order recalling its remittitur when the moving party, fully cognizant thereof from the time of the filing of the opinion of this court, has failed to call the alleged fraud and imposition upon which the motion is based to our attention by way of a petition for rehearing?*

"This question must be answered in the negative. The law is established that, where an aggrieved party is cognizant of fraud or mistake upon which an appellate court has based its decision, unless such party acts promptly and at the first opportunity to call the court's attention thereto, an order will not be made recalling the *remittitur* after the same

has been issued. (*Haydel* v. *Morton,* 28 Cal. App. (2d) 383 [82 Pac. (2d) 623].)

"Applying this rule to the facts of the instant case, it appears that on September 8, 1938, respondent was familiar with the alleged fraud and mistakes upon which the present motion is based; that a petition for rehearing was not filed in this court; and that thereafter a petition for hearing was filed with the Supreme Court setting forth substantially the same grounds for a hearing by that court as are now urged for an order of this court recalling the *remittitur.* It is therefore evident that respondent is guilty of laches in making the present motion, and under the law above stated the order prayed for should be denied."

The motion is denied.

Wood, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 27, 1939.