[Civ. No. 12426. Second Appellate District, Division Two.—May 28, 1940.]

ETHEL GUTELIUS, Respondent, v. GENERAL ELEC-TRIC COMPANY (a Corporation), Appellant.

Meserve, Mumper & Hughes and Roy L. Herndon for Appellant.

Samuel A. Rosenthal for Respondent.

MOORE, P. J.—The decision of this court upon the appeal of the action is contained in our written opinion filed February 26, 1940. (37 Cal. App. (2d) 455 [99 Pac. (2d) 682].) Petition for rehearing in this court having been denied on or about March 15, 1940, the petition for hearing in the Supreme Court having been denied on the 25th of April, the *remittitur* was filed in the superior court on the 29th day of April, 1940. On May 2, 1940, appellant filed its notice of motion to recall said *remittitur* and for an ''order amending the judgment, *remittitur* and mandate'' of this court by directing that judgment be entered in favor of defendant instead of the order merely reversing the judgment.

The grounds of appellant's motion are: (1) That the holding of this court is that plaintiff cannot recover; (2) that upon no theory could plaintiff make any further substantial showing; (3) that the omission of this court to direct the entry of judgment in favor of defendant was inadvertent.

Appellant's motion must be denied for the very good reason that the order heretofore entered was not made through inadvertence or because of any mistake of fact or incomplete information. Moreover, the motion was not timely presented.

In the case of *Heroux* v. *Atchison, Topeka & Santa Fe R. R.*, 35 Cal. App. (2d) 128 [94 Pac. (2d) 820], we declared that ''where an aggrieved party is cognizant of fraud or mistake upon which the appellate court has based its decision, unless such party acts promptly and at the first opportunity to call the court's attention thereto, an order recalling the *remittitur* will not be made after the same has been issued''. The basis of appellant's motion now is neither fraud nor mistake, yet it does found its motion upon ''inadvertence'' of this court. If this court entered said decision through inadvertence, that fact was as well known to appellant immediately upon his reading our opinion as it could have been at any time. Any error or inadvertence in an opinion may as well be called to the attention of the court immediately upon the filing of the

opinion as it might be in a motion to recall the *remittitur* more than two months after the opinion has been filed. Indeed, while this court had under advisement the respondent's petition for rehearing, it would have been the appropriate season to call the court's attention to any claimed defect in the order. In the case of *In re Rothrock*, 14 Cal. (2d) 34 [92 Pac. (2d) 634], a note from the 23 California Law Review, at page 354, is quoted as follows: "It would appear from these cases that a *remittitur* will be recalled when, but only when inadvertence, mistake of fact or an incomplete knowledge of all of the circumstances of the case on the part of the court or its officers, whether induced by fraud or otherwise, has resulted in an unjust decision." Therefore, if there had been an inadvertence, it was appellant's duty promptly to file its motion upon the discovery of such inadvertence. But, instead of proceeding with diligence to present such motion, appellant waited in excess of sixty days after our decision had been filed before presenting the motion to recall the *remittitur*. The enormous flow of business through the appellate courts requires that the bar speedily bring to the attention of the court any errors of which complaint may be made in order that they may be scrutinized while the facts are fresh in the minds of the justices.

The motion is denied.

Wood, J., and McComb, J., concurred.