[Civ. No. 10058.   Second Dist., Div. Two.   Apr. 9, 1942.]

IDA MAY TALBOT et al., Appellants, v. FIRE AND POLICE PENSION BOARD OF THE CITY OF PASADENA et al., Respondents.

John N. Metcalf and Elon G. Galusha for Appellants.

Harold P. Huls, City Attorney, and Thomas W. LeSage, Deputy City Attorney, for Respondents.

WOOD (W. J.), J.—Appellants have presented a motion to recall the remittitur, which was issued on January 2, 1935. Respondents characterize the matter set forth in the notice of motion as "confused and ambiguous" and charge that many false statements are made therein. Notice of appeal was filed on April 2, 1933, and upon notice duly given to counsel for appellants, the appeal was dismissed on November 2, 1934, for want of prosecution. It appears from the notice of motion now before us that the main reason advanced in support of the motion is based on the fact that appellants were

unable to secure a transcript of the notes of the reporter who was on duty at the trial. To this respondents reply that all of the facts were before the court at the time the appeal was dismissed and that counsel for respondents had then offered to assist counsel for appellants in the preparation of the bill of exceptions notwithstanding the absence of the reporter, which offer had not been acted upon by counsel for appellants.

It would be inappropriate to enter into a discussion of the lengthy statements and counter statements concerning the various steps in the litigation, for it is manifest that the motion must be denied because of the great delay on the part of appellants in asking that the remittitur be recalled. A motion to recall a remittitur may be granted in certain unusual circumstances but it is a fundamental rule that the motion must be promptly made. Action must be taken by the moving party as soon as he learns of the facts upon which the motion is based. (*Gutelius* v. *General Electric Co.*, 39 Cal. App. (2d) 292 [102 P. (2d) 1108].) Although informed concerning the facts upon which the motion is based, appellants have delayed more than seven years in asking to have the remittitur recalled.

The motion is denied.

Moore, P. J., concurred.

Mr. Justice McComb, deeming himself disqualified, did not participate in the discussion or decision of the foregoing case.

A petition for a rehearing was denied April 30, 1942, and appellants' petition for a hearing by the Supreme Court was denied June 8, 1942.