[Civ. No. 21159. Second Dist., Div. Two. May 15, 1956.]

In re LOS ANGELES COUNTY PIONEER SOCIETY, in Process of Winding Up. HARRY J. LELANDE, Appellant, v. THE PEOPLE, Respondent.

Ray Howard and Alfred P. Peracca for Appellant.

Edmund G. Brown, Attorney General, Edward Sumner and James C. Maupin, Deputy Attorneys General, for Respondent.

ASHBURN, J.— This appeal is taken by Harry J. Lelande from an order denying his motion for reimbursement for costs incurred in litigation involving the attempted dissolution of Los Angeles County Pioneer Society (*In re Los Angeles County Pioneer Soc.*, 40 Cal.2d 852 [257 P.2d 1]).

That case was initially decided by this court (Cal.App.) 246 P.2d 1029; the opinion concluded as follows, at page 1034: "It is further ordered, however, that with respect to the accounting necessary in connection with the dissolution, the Superior Court is directed to award to Historical Society and Harry J. Lelande court costs incurred by each of them, in both the Superior Court and on appeal, in the protection of said fund against the wrongful use thereof, and such costs may be paid therefrom notwithstanding the commitment of Historical Society to use the fund according to its resolution." Upon petition of the Pioneer Society a hearing in the Supreme Court was granted, the order of the superior court declaring the society to be a charitable corporation and appointing a new trustee was affirmed, and no mention made of any award of costs to Lelande or reimbursement of same to him.

Appellant Lelande claims on this appeal that the order granting a hearing did not vacate the portion of the District Court opinion above quoted because it was not attacked by Pioneer and he, Lelande, did not petition for a hearing; that said quoted portion of the District Court's ruling remains the law of the case. At first view this appears to be a startling proposition and upon careful analysis proves to be wholly fallacious.

Briefly the background facts are these: Pioneer Society, organized in 1910, devoted its activities for years to collecting and preserving historical data concerning early history of California and especially Los Angeles County; collecting and preserving specimens and materials illustrative of early customs; perpetuating the memory of pioneers and cultivating fraternization among its members. But interest abated and membership dwindled in 58 persons in 1948. The idea was then conceived that the society was not a charity, that it should be dissolved and its assets distributed ratably among the members. To this end a proceeding for voluntary dissolution under the Corporations Code was filed. Several members, including Mr. Lelande, objected. He appeared in the proceeding and actively opposed the dissolution. In due course the attorney general intervened alleging that the society was a charitable trust and praying for the ap-

pointment of a new trustee upon the ground that Pioneer had abandoned its trust. The court entered judgment that Poneer was a charitable corporation, that its assets were dedicated to charitable purposes, that it had abandoned its trust and was threatening to divert its assets to the benefit of its private members and that appointment of a new trustee was necessary. Appropriate reservation of jurisdiction having been made, the court on October 18, 1950, made a further order appointing Historical Society of Southern California as substitute trustee and ordered the assets held by Pioneer turned over to it, to be held and administered upon certain specifically defined trusts. From this order Pioneer took a general appeal. Lelande also appealed from part of it. He had been insisting that there be included in the definition of the trusts upon which Historical should take and administer the property the substance of a resolution which Historical had passed declaring the trusts upon which it would hold the same. The trial judge declined to write that into the order and Lelande appealed from the order "insofar as it fails to define the powers and duties of said trustee, especially in that it does not give effect to a Resolution of said Historical Society a copy of which was filed by it as a part of its showing on its application for such appointment on September 5, 1950, said Resolution providing that the trust fund should be used for the erection of a building to be managed and used jointly by the Historical Society and by the Native Sons of the Golden West and the Native Daughters of the Golden West."

These appeals were heard and decided together by the District Court of Appeal, the opinion containing the paragraph concerning costs above quoted. Lelande did not apply for hearing in the Supreme Court but Pioneer did and its application was granted.

Lelande's attorney now argues that the order transferring the cause to the Supreme Court, though general in its terms, operated only to transfer the contentions of Pioneer to the higher tribunal and left the District Court opinion in full force and effect so far as Lelande was concerned. It is plain, however, that the matter covered by his appeal was not severable from that involved in Pioneer's attack upon the order; its appeal necessarily included the same matter. It challenged the right to make the order, challenged it as a whole and in all its parts. Lelande complained of one of those parts but it was not a severable portion.

The conduct of Lelande's counsel in the Supreme Court after the hearing was granted is inconsistent with his present contention. He appeared and moved to dismiss the Pioneer appeal and for "Adoption of the District Court's Determination of His Own Appeal." One of his grounds was this: "He has a direct financial interest in the affirmance of said Order and of the portion of the decison of the District Court relating to costs, and the Superior Court will not proceed to allow the same until the remittitur is returned so confirming the same." Counsel also resisted a motion of Pioneer to dismiss the Lelande appeal. And after the Supreme Court had ruled he petitioned on behalf of Lelande for a rehearing, saying in part: "Had it not been for Pioneer's Petition for Hearing being granted, *its contentions having nothing to do with Lelande's,* the above holding of the District Court would have been the law of the case. That entire decision was set aside by this Court's consenting to review *Pioneer's contentions.* Believing that this Court's affirmance should continue in force or revive said *unopposed* portion of the District Court's decision, Lelande made his said separate motion for its adoption as a part of the final decision."

The Supreme Court opinion shows that the entire cause was before it. The first sentence says: "Los Angeles County Pioneer Society and Harry Lelande, a member thereof, appeal separately from an order appointing the Historical Society of Southern California trustee of all property in the possession of Pioneer." (P. 856.) At page 857 the opinion again refers to the "present appeals." The merits of the Lelande appeal were considered and disposed of, at pages 866-867, as follows: "Appellant Lelande, although not questioning Historical's fitness to act as trustee, contends that the order appointing Historical trustee should have defined Historical's duties in more detail. The order of the court followed the provisions of Pioneer's articles. Lelande points out that before it was appointed trustee, Historical adopted a resolution providing that the assets acquired from Pioneer would be used to erect a building to be occupied by Historical and other societies, and contends that the court should have ordered Historical to comply with that resolution. In our opinion, the trial court did not err in limiting its decree to provisions similar to those in Pioneer's articles. This limitation conforms to the wishes of the donors of the assets. In view of our conclusion that Lelande's contentions

cannot be sustained, it is unnecessary to discuss the motion of Pioneer to dismiss Lelande's appeal.'' The order was affirmed, Pioneer's motion to dismiss Lelande's appeal was denied and his motion to dismiss the Pioneer appeal was denied.

In the face of the general appeal taken by Pioneer and the general petition for hearing filed by it, there is no merit in the contention that the entire cause was not taken over by the Supreme Court or in the claim that any portion of our ruling or opinion was not vacated. *Knouse* v. *Nimocks,* 8 Cal.2d 482, 483 [66 P.2d 438] : ''The opinion and decision of the District Court of Appeal, by our order of transfer, have become a nullity and are of no force or effect, either as a judgment or as an authoritative statement of any principle of law therein discussed. As stated by us in a former action, the opinion may serve as a brief on the legal questions involved therein, and may be adopted by this court as its opinion in the pending action. (*Estate of Kent,* 6 Cal.2d 154, 156 [57 P.2d 901].) But without some further express act of approval or adoption of said opinion by this court, that opinion and decision are of no more effect as a judgment or as a precedent to be followed in the decision of legal questions that may hereafter arise than if they had not been written.'' To the same effect are *Estate of Kent,* 6 Cal.2d 154, 156 [57 P.2d 901] ; *E. J. Stanton & Sons* v. *County of Los Angeles,* 78 Cal.App.2d 181, 193 [177 P.2d 804]. (See also 3 Witkin, California Procedure, pp. 2416-2417, § 208.)

The general rule is firmly established, and *Martin* v. *Howe,* 190 Cal. 187 [211 P. 453], disposes of appellant's claim that the granting of the Pioneer petition did not transfer to the Supreme Court those portions of the order concerning which Pioneer and Lelande were not in controversy. In that case a petition for hearing in the Supreme Court had been filed by certain defendants who were not interested in the defense of statute of limitations. After a hearing had been granted and the cause decided by the Supreme Court other defendants who had not joined in the petition for hearing applied for a rehearing by the Supreme Court, asserting that the matter of limitation had not been presented satisfactorily because the case had been transferred upon petition of defendants not interested in that question and the defendants seeking a rehearing ''believed that the matter would not be considered by this court, but that the conclusion of the district court

of appeal on that branch of the case would be adopted without question." The Supreme Court said, at page 188: "On the contrary, the transfer of the case here by the court of its own motion or on the petition of any of the parties, set the case at large for the decision of this court upon the entire record."

Appellant's reliance upon *Heroux* v. *Atchison, T. & S. F. Ry. Co.*, 14 Cal.2d 285 [93 P.2d 805], is misplaced. A judgment for defendant in a personal injury action had been reversed by the appellate court and remittitur had issued on November 9, 1938. On December 24, 1938, motion to recall the remittitur was filed in the District Court of Appeal. That court denied the motion and the Supreme Court granted a petition for hearing. Manifestly, there was and could be before the Supreme Court in those circumstances nothing other than the matter of the motion for recall of remittitur. At page 287 the Supreme Court said: "The effect of our order was to transfer the motion to this court. The respondent insists that our order had the effect of transferring the entire cause on the merits of the appeal. Such of course was not the case. The appeal on its merits was disposed of by the judgment of the District Court of Appeal reported in 28 Cal.App.2d 401, *supra* [82 P.2d 623], and by the order of this court denying the respondent's petition for a hearing on November 7, 1938. The only matter transferred to this court by its order was the motion to recall the *remittitur.* . . . It is the rule that the order of transfer has the effect of setting aside the judgment of the District Court of Appeal and of lodging the cause in this court and placing it in the same situation as a cause originally commenced here." The case bears no analogy to the situation at bar and affords no support for appellant's contention.

The opinion of the Supreme Court in the Pioneer case, 40 Cal.2d 852 [257 P.2d 1], is silent on the subject of costs to Lelande. In effect that is a denial of same. Counsel for appellant was correct when he said in his petition for rehearing after Supreme Court decision "[t]hat entire decision was set aside by this Court's consenting to review Pioneer's contentions."

Appellant presents no other points in his attack upon the instant order which require discussion. He made these same arguments in a petition for writ of mandate in the matter of *Lelande* v. *Superior Court*, Civil Number 20569, wherein this

court denied an alternative writ without opinion. The Supreme Court in the same manner denied a hearing.

The order is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied June 7, 1956, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1956.