[No. 21079.   In Bank.—January 19, 1894.]

## EX PARTE B. F. GALLAGHER, on Habeas Corpus.

CRIMINAL LAW—APPEAL—REVERSAL OF JUDGMENT—RECALL OF REMITTITUR —REHEARING—HABEAS CORPUS.—Where a judgment of conviction of felony was reversed upon appeal, and the *remittitur* was issued within ten days after the decision was filed by consent of the attorney-general, who, within thirty days after the decision, procured a recall of the *re- mittitur* and an order granting a rehearing, upon the ground that his con- sent to the issuance of the *remittitur* had been procured by fraud, and after denial of a motion by the defendant to set aside the orders recalling the *remittitur* and granting a rehearing, upon resubmission of the cause a decision was filed affirming the judgment—the orders recalling the *re- mittitur* and granting a rehearing cannot be collaterally attacked upon petition of the prisoner for a writ of *habeas corpus*, upon the ground that he was entitled to a new trial after the filing of the *remittitur* in the superior court, and that a retrial was demanded by him and refused by that court.

PETITION for a writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*W. F. Aram*, for Petitioner.

BEATTY, C. J.—This is a petition for a writ of *habeas corpus*, which discloses the following facts:

Petitioner was convicted in the superior court of Alameda county of a felony. On appeal to this court the judgment of the superior court was reversed and the cause remanded for a new trial. Our decision was filed August 16, 1893, and on the 25th of the same month the *remittitur* was issued, and on the 26th it was filed in the office of the county clerk, where it still re- mains. On the 28th an order was made by the superior court setting the cause down for a retrial on October 27, 1893, but on the 26th of October that court, of its own motion, dropped said cause from its calendar, and ever since said date has refused to retry said cause, restore it to the calendar, or dismiss it, notwithstanding the defendant has never consented to the delay, but has always been ready for trial, and has frequently de- manded a trial or a dismissal of the action. During all of said time the defendant has been and still is confined

CI. CAL.—8

in the county jail under no other authority than a commitment based on said charge of felony upon which he was convicted as above stated. He contends that said imprisonment, in view of the facts alleged, is illegal, and that he is entitled to be discharged from custody.

If the facts disclosed by the petition were all the material facts of the case, it might be that the petitioner would be entitled to be set at liberty. But there are other material facts of which we can take notice, because they are disclosed by our own records of the proceedings in the action of the people against the petitioner.

The *remittitur* in that cause was issued within ten days after the decision was filed, solely because the attorney-general consented to and requested the order, and within thirty days after the decision the *remittitur* was recalled upon motion of the attorney-general, based upon his statement made in open court that he had been induced to consent to its issuance by a message falsely purporting to come from the district attorney of Alameda county, and requesting him to make the motion.

After the *remittitur* was so recalled a petition for a rehearing of said cause was filed on the part of the people and granted by the court, whereupon counsel for the defendant (this petitioner) moved the court to set aside its orders recalling the *remittitur* and granting a rehearing, which motion was after argument denied. The cause was then resubmitted, and on December 22, 1893, a decision was filed affirming the judgment and order denying a new trial.

These facts are a complete answer to those set up in the petition, which appears to be a collateral attack upon the orders recalling the *remittitur* and granting a rehearing. We are entirely satisfied that those orders were proper, and that they cannot be impeached in this proceeding.

The writ is denied.

De Haven, J., McFarland, J., and Paterson, J., concurred.