[Civ. No. 1427.   Fourth Appellate District.—February 7, 1935.]

MUNICIPAL BOND COMPANY (a Corporation), Plaintiff and Appellant, v. CITY OF RIVERSIDE, CALIFORNIA (a Municipal Corporation), Defendant and Appellant; H. N. DUNBAR et al., Respondents.

Eugene Best for Defendant and Appellant.

George W. Crouch and Roscoe R. Hess for Plaintiff and Appellant.

Lawler & Degnan, Freston & Files, James A. McLaughlin, Clarence J. Walker and John L. Rush, as *Amici Curiae* on Behalf of Plaintiff and Appellant.

W. C. Smith and Everett H. Smith for Respondents.

JENNINGS, J.—This is an appeal by the City of Riverside from that portion of the judgment which denied recovery to the municipality on its cross-complaint filed in the action. The action was instituted by the plaintiff corporation, an owner and holder of bonds issued by the city treasurer under the 1911 Street Improvement Act. Thereby the plaintiff sought to recover from the city, the city treasurer, and the surety on the treasurer's official bond the sum of $2,758.93, which was alleged to have been paid to the said treasurer by the owners of property upon which assessments had been levied to pay the cost of street improvements and for which assessments bonds had been issued. It was further alleged that the city treasurer had misappropriated the aforesaid sum to his own use. The City of Riverside filed an answer whereby it denied liability to the plaintiff and a cross-complaint against its codefendants, the city treasurer and the surety on his official bond, wherein it sought, on behalf of the owners of bonds issued under the above-mentioned Street Improvement Act, to recover from these cross-defendants the sum of $5,607.08, which was alleged to have been paid to the city treasurer by property owners in payment of coupons upon said bonds issued as aforesaid and in partial redemption of said bonds and appropriated by said cross-defendant to his own use. The trial court denied recovery to plaintiff from the city and from the surety on the city treasurer's official bond. It also denied recovery to the City of Riverside on its cross-complaint. From the judgment thus rendered separate appeals were prosecuted by the plaintiff and by the City of Riverside.

That portion of the judgment which denied recovery to plaintiff from the city and from the surety on the treasurer's bond was affirmed (*Municipal Bond Co.* v. *City of Riverside,* 138 Cal. App. 267 [32 Pac. (2d)· 661]). At the time plaintiff's appeal was presented there was also submitted a motion by the plaintiff to vacate an order of this court dismissing the city's appeal, which order had been entered pursuant to a written stipulation entered into between the city attorney of the City of Riverside and the attorney representing the surety on the city treasurer's official bond providing that the city's appeal should be dismissed. Plaintiff's motion to set aside the order of dismissal was granted, the order was vacated, and the *remittitur* which had issued upon the dismissal of the city's appeal was recalled (*Municipal Bond Co.* v. *City of Riverside, supra*).

The single question which is presented on this appeal is whether or not the trial court correctly concluded that the City of Riverside was not entitled to recover from the city treasurer and his surety as trustee for the owners and holders of bonds issued by said city treasurer under the provisions of the 1911 Street Improvement Act as aforesaid.

■ This appeal is on the judgment roll alone and this court is therefore bound by the findings of fact which the trial court made. There is here no dispute that the sum mentioned in the city's cross-complaint was paid to the city treasurer for the use and benefit of the bondholders and that the city treasurer did not account to the 1911 bond redemption fund or to the bondholders or to the city therefor. The City of Riverside, however, contends that the trial court's legal conclusion that the city was not entitled, as a matter of law, to recover from the city treasurer and his surety, as trustee for the owners of bonds, is incorrect and that therefore the portion of the judgment which denied recovery to the city on its cross-complaint must be reversed.

■ We entertain the opinion that, in the solution of this problem, we are bound by our former decision vacating the order of this court dismissing the city's appeal. This action was taken on the motion of the plaintiff corporation. It was plaintiff's contention in support of the motion that as a bond owner it was vitally interested in the city's appeal and that it was not notified that the city proposed to dismiss the appeal

under its stipulation with the city treasurer's surety. This contention prevailed. It is apparent that it must have been decided that the plaintiff was interested in the city's appeal, otherwise the court would not have been impelled, to grant the motion. It is also apparent that the interest which the plaintiff had in the city's appeal was that it is one of the bondholders for whom the city sought to recover from the city treasurer and his surety on its cross-complaint. Examination of the opinion heretofore rendered by this court leaves no doubt that plaintiff's motion was granted and the order dismissing the city's appeal was vacated on the theory that the plaintiff, as one of the beneficiaries of the trust set up in the city's cross-complaint, was entitled to notice that the city proposed to abandon its appeal and that having received no notice, it was entitled to have the order of dismissal set aside as an order improvidently made.

Irrespective of our opinion that we are here bound to adhere to our former decision and assuming that the familiar doctrine of the law of the case is not applicable to the present appeal, we are nevertheless convinced that the trial court erroneously concluded that the City of Riverside was not a trustee for the bondholders of funds which the court had found were paid to the city treasurer upon bonds issued by said treasurer under the provisions of the 1911 Street Improvement Act "for the use and benefit of the various holders and owners thereof" and that the city is not therefore entitled to recover against the city treasurer and his surety on its cross-complaint.

The chief contentions of the respondent surety company on this appeal are that the city is exempted from liability to the bondholders by the provisions of the 1911 Street Improvement Act and that, as the trial court specifically found that the money paid to the city treasurer by the property owners never found its way into the general fund of the city, the city never had possession of the money which the city treasurer misappropriated and it may not therefore be declared to be a trustee of something which it never had.

With respect to the contention that the city is not liable to the bondholders, it may be observed that this question was directly decided on the former appeal taken by the plaintiff from that portion of the judgment which denied recovery to plaintiff from the City of Riverside. It does

not, however, follow therefrom that the city could not maintain an action against the treasurer and his surety as a trustee for the persons rightfully entitled to the money which was collected by the city treasurer and misappropriated by him.

■ As to the contention that the city never received the money and therefore may not successfully urge its trusteeship of that which never came into its possession, it may be observed that the fact that the money never was paid into the general fund of the city is not conclusive of the question which is here presented. It is not disputed that the money was paid to an officer of the city in exact conformity with the provisions of the 1911 Street Improvement Act and that it was not contemplated by this statute that this particular money should be paid into the city's general fund. It is apparent, therefore, that an officer and agent of the municipality rightfully came into possession of this money by reason of the fact that he was such officer and as such officer retained it in his possession in exact conformity with law. ■ A municipal corporation, like any other corporation, is a purely fictitious entity created by law. It may act, therefore, only through its officers and agents. We think that it may not be successfully urged that the collection of money from property owners by an officer of the city in compliance with statutory mandate prevents the municipality from becoming a trustee of such money for the benefit of those persons who are entitled to receive it.

■ It must further be observed that section 253, article XIX, of the city charter of the City of Riverside which was adopted in 1907 and remained in effect until July 1, 1929, specifically provided that "except as provided herein and unless otherwise provided by ordinance, the general law of the state of California relative to the improvement of, and the work upon streets . . . and providing for the laying out, opening, extending, widening, straightening or closing up in whole or in part of any street . . . ; and for providing a system of street improvement bonds to represent certain assessments for the cost of street work and improvements within municipalities, and to provide for the payment of such bonds . . . , now in force, or which may hereafter be adopted by the legislature of this state, is hereby made a part of this charter, and shall govern the council in such

matters''. The above-quoted language is practically identical with that which appears in section 228 of article XIX of the city charter of the City of Riverside which was adopted in 1929 and which became operative on July 1st of that year. At all times material to the present inquiry, therefore, the 1911 Street Improvement Act was a part of the organic law of the municipality. We do not understand that it is intimated or contended that the City of Riverside had, by ordinance, provided for any different plan or scheme for street improvements for whose payment the bonds mentioned in the present action were issued than the plan which is provided by general law. Certainly, so far as here appears, the street improvements which caused the issuance of the bonds were accomplished under the provisions of the 1911 Street Improvement Act and we are entitled to assume that no other plan for the street improvements had been provided by ordinance and that the city council properly proceeded in accordance with the 1911 act.

The situation, therefore, was that the money which was paid to the city treasurer by property owners whose property was affected by the street improvements was paid to such officer in accordance with the city charter. The safekeeping and proper payment of the money by the city treasurer to the bondholders was also provided for by the charter. The city having thus provided by its organic law that the money which the property owners should pay on the bonds should be paid to a designated officer of the city and having further provided that this officer should not deposit this money in the general fund of the municipality but should retain it in a special fund from which he should make payment to the bondholders, the possession of such money was legally in the city. This was the manner in which the city had elected to hold possession of the money. Conceivably, the city might have adopted a different scheme and might have provided, for instance, that the money should be paid into the city's general fund, from which it should be disbursed to the bondholders. The city, however, elected that its designated officer should retain physical possession of the money and should make payments therefrom to the bondholders. Under these circumstances, the possession of the money was in the city through its regularly constituted and specifically designated agent.

■ Respondent Maryland Casualty Company contends that the fact found by the trial court that "said bonds were sold to and are now owned and held by various and sundry purchasers, the names of whom are not known and cannot be proven" renders it impossible that the city could have been the trustee for the bondholders. The contention is not persuasive. It is a matter of no concern to the surety on the official bond of the city treasurer that the names of the bondholders are not known. The bondholders were not necessary parties to the city's cause of action on its cross-complaint (*City of Oakland* v. *De Guarda,* 95 Cal. App. 270, 287 [272 Pac. 779, 273 Pac. 819]). It may be that not all of the bondholders who are rightfully entitled to the money collected by the city treasurer will ever appear. It may develop that, if the money is recovered, a portion of it will escheat to the state. This cannot affect the obligation of the surety under its bond. The fact that the bondholders are not all identified and that some of them may never appear to claim the money which they are entitled to receive cannot afford an insuperable obstacle to the city's trusteeship of the money. Identity of the beneficiaries is not a necessary element of the problem. The question is whether the city can be a trustee for the bondholders generally and not whether it can be a trustee only for those bondholders who are known and named.

It is our conclusion that the City of Riverside was entitled to bring the action alleged in its cross-complaint as trustee for the bondholders and that the trial court's conclusion of law that the municipality was not a trustee for the bondholders is incorrect.

That portion of the judgment from which this appeal has been prosecuted is therefore reversed.

Barnard, P. J., and Marks, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 8, 1935.