[Civ. No. 14057.   Second Dist., Div. Two.   Dec. 10, 1943.]

GLADYS BEATRICE CHANEY, Respondent, v. LOS ANGELES COUNTY PEACE OFFICERS' RETIREMENT BOARD et al., Appellants.

J. H. O'Connor, County Counsel, Beach Vasey and Edward H. Gaylord, Deputies County Counsel, for Appellants.

Francis A. Cochran for Respondent.

McCOMB, J.—This is a motion by appellants for an order recalling the remittitur issued herein, and for an order striking from the remittitur the provision allowing respondent, (petitioner in the lower court) costs on appeal. The basis of the motion is that the remittitur (1) was inadvertently issued, and (2) that respondent is not entitled to costs on appeal.

The undisputed facts are:

Respondent obtained from the trial court a writ of mandate directing payment to her of a pension of seventy-five dollars per month as the widow of Albert G. Chaney. From this judgment appellants appealed to this court and after a hearing upon the merits we affirmed the judgment* of the lower court on June 26, 1943. (*Chaney* v. *Los Angeles County Peace Officers' Ret. Bd.*, 59 Cal.App.2d 413 [138 P.2d 735].) An application for a rehearing was not filed by respondent with us. However, on June 28, 1943, appellants filed a petition in the Supreme Court for a hearing, which petition was denied August 23, 1943. On August 26, 1943, remittitur issued from this court to the superior court. The present motion was filed November 3, 1943.

This is the sole question necessary for us to determine:

■ *Will this court make an order recalling its remittitur for the purpose of correcting an alleged error in the decision, in the absence of a showing that the same occurred through*

---

*The opinion of this court in *Chaney* v. *L. A. County etc. Retirement Board*, 59 Cal.App.2d 413, did not award respondent costs. However, pursuant to the provisions of rule 26-b, Rules on Appeal, the judgment of the court did award costs to respondent.

The judgment of this court read in part as follows:

"IT IS ORDERED, ADJUDGED, AND DECREED by the Court that the

————Decree————

of the Superior Court in and for the County of Los Angeles in the above entitled cause, be and the same hereby is affirmed. Respondent to recover costs on appeal."

*(1) inadvertence, (2) fraud, or (3) mistake, when the moving party has failed to call the alleged error upon which the motion is based to our attention by way of a petition for rehearing or modification of the judgment?*

This question must be answered in the negative. The law is established that if a party is dissatisfied with the judgment as rendered in an appellate court, his remedy in the absence of inadvertence, fraud or mistake is to petition for a rehearing, or for a modification of the judgment, within the time allowed by law and before the remittitur has issued. (*Cf. Heroux* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 35 Cal.App.2d 128, 129 [94 P.2d 820].) After a remittitur has regularly issued an appellate court does not have power to reconsider, alter or modify its decision in the absence of (1) inadvertence, (2) fraud, or (3) mistake. An application for recall of the remittitur to consider an alleged error in the decision comes too late when made after the remittitur has regularly issued. (*Isenberg* v. *Sherman* (1932), 214 Cal. 722, 725 [7 P.2d 1006] ; *Durkee* v. *Garvey* (1890), 84 Cal. 590, 591 [24 P. 929] ; *Chapman* v. *St. Stephens Episcopal Church* (1933), 105 Fla. 683 [136 So. 328, 138 So. 630, 139 So. 188, 145 So. 757, 84 A.L.R. 566, 597].)

In the present case, there is an absence of any showing of (1) inadvertence, (2) fraud, or (3) mistake. Therefore, under the above rules, since appellants waited more than sixty days after issuance of the remittitur before seeking the relief they now desire to obtain through the present motion, the application comes too late and must be denied.

*Estate of Johnson,* 200 Cal. 307, 308 [252 P. 1052], cited by appellants is factually distinguishable from the present case and therefore is inapplicable. In *Estate of Johnson* the *judgment* did not, as in the present case, award costs to the respondents. The provision permitting respondents to recover costs was inserted in the *remittitur* by the clerk. Therefore, the proper procedure for determining the correctness of the provision for costs in the remittitur was by filing a motion to strike such provision from the remittitur.

The motion is denied.

Moore, P. J., and Wood (W. J.), J., concurred.