[Civ. No. 16494.   Second Dist., Div. One.   Mar. 30, 1949.]

CHIN OTT WONG et al., Respondents, v. TITLE INSUR-
ANCE AND TRUST COMPANY (a Corporation) et al.,
Appellants.

Anthony H. Mauer, Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Appellants.

Harry M. Irwin for Respondents.

THE COURT.—The record in this case discloses that the judgment on appeal was pronounced on December 16, 1948 (89 Cal.App.2d 183 [200 P.2d 541]), and that on February 10, 1949, the Supreme Court made its order denying respondents' petition for a hearing of the cause before that court. On February 15, 1949, the remittitur was forwarded to the trial court. On February 28, 1949, and after the remittitur was lodged in the superior court, this court made its order recalling the same. Subsequently, and on March 14, 1949, this court made the following order:

"The concluding clause of the opinion heretofore filed in the above entitled appeal having failed to correctly set forth the conclusions of this Court as stated in said opinion, it is hereby ordered that said opinion be corrected by adding to the last sentence of the last paragraph of said opinion the words 'with directions to the court below to enter judgment for the defendants.' "

Thereupon respondents made a motion in this court "to recall remittitur and to vacate orders." At the hearing upon such motion respondents contended that the aforesaid order of March 14 was made after this court had lost jurisdiction either to alter or amend its judgment on appeal or any part of the opinion upon which such judgment was based.

An appellate court, after the issuance of a remittitur, does not have the power to recall the same for the purpose of reconsidering or modifying its decision, in the absence of (1) inadvertence, (2) fraud, or (3) mistake. In the instant case there is no claim of fraud or mistake, but appellants insist that there was inadvertence because that term means simply an oversight, and that if through oversight this court neglected to direct the entry of judgment in their favor upon issuance of the remittitur, we are authorized to recall the same to correct such inadvertence or oversight. That it was for the court to determine whether the decision rendered, and the remittitur issued thereon, was complete and all that it was intended to be, or whether through inadvertence it was deficient. (*Livesay* v. *Deibert*, 3 Cal.App.2d 140, 147 [39 P.2d 466].) That we alone knew whether a mistake had been made

and how it had been made, and that we "had a right to rely on our memory." (*Livesay* v. *Deibert, supra,* p. 147.)

However, in the present case we are persuaded that, assuming the state of the record on appeal would have warranted the directions to enter judgment in favor of appellants, such directions were not given, and any attempt upon our part to give such directions now in effect amounts to an amendment of the judgment on appeal and the opinion upon which it was based after the court had lost jurisdiction. After our decision became final (Cal. Const. art. VI, § 4(c)), such decision, in its legal aspect, stood in the same position as any other case in which an erroneous decision may chance to have been made by the court. (*Ellenberger* v. *City of Oakland,* 76 Cal. App.2d 828, 830 [174 P.2d 461]; *Noack* v. *Zellerbach,* 14 Cal. App.2d 249, 251 [57 P.2d 1390].)

We are impressed that the facts in the instant case bring it within the rule that if a party is dissatisfied with the judgment as rendered in an appellate court, his remedy is to petition for a rehearing or modification of the judgment within the time allowed by law and before the remittitur has issued. (*Chaney* v. *Los Angeles County etc. Retirement Bd.,* 61 Cal. App.2d 701, 703 [143 P.2d 707].) The judgment having become a finality, the claimed inadvertence was not such as would warrant the court in modifying or amending the judgment or remittitur issued pursuant thereto.

For the foregoing reasons, the motion of respondents is granted and the order of March 14, 1949, directing the correction of the opinion and remittitur by adding thereto the words "with directions to the court below to enter judgment for the defendants" is vacated and set aside. The remittitur issued pursuant to said order of March 14, 1949, is recalled, and the clerk is directed to issue forthwith a remittitur in accordance with the original opinion.