[Crim. No. 4345. Second Dist., Div. Two. Feb. 10, 1950.]

THE PEOPLE, Respondent, v. HENRY PAUL SCHOELLER, Appellant.

Ray L. Smith and Wm. C. Schaper for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, William E. Simpson, District Attorney, Jere J. Sullivan and Richard S. Chapman, Deputy District Attorneys, for Respondent.

WILSON, J.—Defendant was charged by indictment with 56 counts of violation of section 424 of the Penal Code. He entered a plea of not guilty to all counts and when the case was called for trial moved to dismiss the indictment upon the ground it did not state a public offense. This motion was denied. After trial by the court, a jury trial having been waived, defendant was found guilty on all counts. His motion for new trial was denied, probation was denied and he was sentenced to the state prison. He has appealed from the order denying a new trial and from the judgment and sentence.

The sole question raised by this appeal is whether the indictment states a public offense.

Respondent asserts that not having demurred before plea was entered and no motion to set aside the indictment or motion in arrest of judgment having been made, defendant has waived his objections to the form of the indictment. ▇▇ All objections which appear on the face of an indictment are waived by defendant's failure to demur before plea except want of jurisdiction of the court over the subject of the indictment or failure to state facts constituting a public offense. Such may be taken advantage of at any time in the course of the proceedings (*People* v. *Kinsley*, 118 Cal. App. 593, 596 [5 P.2d 938]; Pen. Code, § 1012) and may be raised for the first time on appeal from the judgment.

The pertinent portions of section 424 of the Penal Code are as follows: ''Each officer of this state, or of any county, city, town, or district of this state, and every other person charged with the receipt, safekeeping, transfer, or disburse-

ment of public moneys who either:— . . . 3. Knowingly keeps any false account, or makes any false entry or erasure in any account of or relating to the same; . . . Is punishable by imprisonment in the state prison for not less than one nor more than ten years, and is disqualified from holding any office in this state."

Each count of the indictment alleges that defendant was the duly and regularly appointed, qualified and acting secretary of the Palmdale Irrigation District; that he willfully, unlawfully, feloniously and knowingly kept a false account and made a false entry in the books of the irrigation district.

 It is defendant's contention that the indictment is fatally defective in that it does not contain an allegation that he is an officer of the state or of a district therein, or that he was a person charged with the receipt, safekeeping and transfer of public moneys. This contention is untenable. The indictment alleges that defendant was the "duly and regularly appointed qualified and acting Secretary of the Palmdale Irrigation District, a public corporation." "Secretary" is defined as "secretary of the board" (Wat. Code, § 20523) and defendant admits in his brief that he was appointed secretary of the board of directors in 1933. He asserts, however, that the secretary is not an officer of the district but a mere employee; that the assessor, collector and treasurer are the only officers of the district.

While it may be conceded that the aforementioned officers, together with the board of directors, are the only elective officers (Wat. Code, § 20524), there is nothing in the statute limiting the officers of the district to elective officers. On the contrary, the board of directors has the power to "[e]mploy agents, officers and employees as required" and to "[p]rescribe their duties and fix their salaries." (Wat. Code, § 21185.) The statute further provides that at its organization meeting the board shall appoint a secretary who shall hold office during the pleasure of the board. (Wat. Code, § 21376.) Since it is the duty of the board to manage and conduct the business and affairs of the district (Wat. Code, § 21385) the secretary to whom certain of its duties are delegated would be not a mere employee but an officer of the district.

Defendant cites a number of cases in support of his contention that the indictment fails to state a public offense. These cases with but one exception were all decided prior to the 1927 and 1929 amendments (Pen. Code, §§ 951, 952, 959, 960)

liberalizing the rules governing pleadings in criminal prosecutions. Section 952 of the Penal Code, as amended, provides that the offense may be charged "in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." Section 960 reads as follows: "No indictment, information, or complaint is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."

█ The purpose of an indictment is to inform the defendant of the charge which he must meet at the trial. (*People* v. *Yant,* 26 Cal.App.2d 725, 730 [80 P.2d 506]; *People* v. *Codina,* 30 Cal.2d 356, 359 [181 P.2d 881].) The rule with regard to the sufficiency of an indictment or information under our present simplified form of pleading is laid down in *People* v. *Beesly,* 119 Cal.App. 82, 85 [6 P.2d 114, 970], which is cited with approval in *People* v. *Pierce,* 14 Cal.2d 639, 645-46 [96 P.2d 784]. As stated in those cases, "the accused is entitled to notice of the offense of which he is charged but not to the particular circumstances thereof, such details being furnished him by the transcript of the testimony upon which the indictment or information is founded." █ Defendant does not contend the transcript of the evidence given before the grand jury (Pen. Code, § 925) failed to furnish him with the details which he maintains were omitted from the indictment, nor does he contend the evidence produced at the trial was insufficient to sustain his conviction. The indictment conforms with the requirements of sections 952 and 959 of the Penal Code. Moreover, a judgment will not be reversed because of an error in the form of the indictment "unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (*People* v. *Gordon,* 71 Cal.App.2d 606, 611 [163 P.2d 110].) As stated in *People* v. *Beesly, supra,* at page 87, "Even where an indictment or information is so defective that a demurrer thereto should have been sustained, still, if upon the trial the crime sought to be charged is fully proved, the case falls within the saving grace of section 4½ of article VI of the California Constitution, and of section 960 of the Penal Code,

relating to errors in matters of pleading, and the error is not prejudicial.''

Judgment and order affirmed. Purported appeal from sentence dismissed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied February 21, 1950, and appellant's petition for a hearing by the Supreme Court was denied March 9, 1950. Carter, J., and Schauer, J., voted for a hearing. Edmonds, J., did not participate therein.