[Civ. No. 8182. Third Dist. Oct. 4, 1955.]

A. F. KOHLE, Appellant, v. HAROLD WESLEY SINNETT, Respondent.

A. F. Kohle, in pro. per., Walter F. Lynch and Robert W. Sinai for Appellant.

John P. Anderson as Amicus Curiae on behalf of Appellant.

Glenn D. Newton for Respondent.

VAN DYKE, P. J.—On May 26, 1953, in a cause entitled *"Kohle* v. *Sinnett"* this court rendered a decision affirming a judgment adverse to plaintiff therein (118 Cal.App.2d 126 [257 P.2d 483]). No rehearing was asked of this court and a petition for hearing before the Supreme Court was denied. The plaintiff in said cause now petitions this court to recall its remittitur. In *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985], the principles governing the recall of a remittitur were clearly stated. We quote the following (p. 626):

"That a remittitur may be recalled on the reviewing court's own motion, no motion or petition after notice supported by affidavits, or on stipulation setting forth the facts which will justify the granting of the order is now determined by rule. (Rule 25(c), Rules on Appeal; 36 Cal.2d at p. 22.) The question as to when the facts constitute grounds for the granting of the motion is resolved by the case law. Other than for the correction of clerical errors, the recall may be ordered on the ground of fraud, mistake or inadvertence. The recall may not be granted to correct judicial error. . . . In the McGee case [*In re McGee,* 37 Cal.2d 6 (229 P.2d 780)] it was pointed out that a decision is inadvertent if it is the

result of oversight, neglect or accident, as distinguished from judicial error. In *Chin Ott Wong* v. *Title Ins. & Trust Co.*, 91 Cal.App.2d 1 [204 P.2d 387], an order recalling the remittitur was vacated when on analysis it appeared that the purpose of the recall was merely to amend the judgment on appeal."

The opinion of this court above referred to reveals that it dealt with two claims of error, one having to do with the admissibility of evidence and the other having to do with a claim that the trial court had committed error when it submitted to the jury as an issue of fact the question as to whether plaintiff was, within the meaning of section 403 of the Vehicle Code, the guest of defendant while riding in defendant's car which, while being driven by defendant, overturned and injured plaintiff. This proceeding to recall remittitur concerns itself only with the guest or passenger status of plaintiff, petitioner herein, and with this court's determination of that issue. Petitioner in his stated grounds of motion makes the following assertion:

"(1) The trial court wrongfully submitted an issue of law to the jury for their determination on the guest-passenger statute, because only one valid inference or logical deduction could be made or drawn from the evidence adduced at the trial, thereby producing a miscarriage of justice as to plaintiff and appellant herein.

"(2) There was no true, real or substantial conflict in the evidence adduced at the trial, and, therefore, plaintiff and appellant, was legally entitled to recover a verdict and judgment, as a matter of law, and the verdict rendered by the trial jury, and the judgment entered thereon, produced and resulted in a miscarriage of justice. . . .

"(3) Defendant and respondent Sinnett made admissions, express and implied, in his testimony and deposition which were favorable to plaintiff and appellant, and therefore, he was and is conclusively bound thereby, which fact was disregarded or overlooked by the Honorable District Court of Appeal, thereby causing a miscarriage of justice. . . .

"(4) Defendant and respondent made Wilson his own witness by taking his deposition and Sinnett therefore and thereby was conclusively bound by the favorable evidence and testimony given by Wilson in plaintiff's and appellant's favor on the guest-passenger issue, thereby making this issue solely a question of law, which fact was disregarded or overlooked by the Honorable District Court of Appeal. . . .

The remaining grounds stated in the notice of motion will be summarized: It is asserted that subsequent decisions of the Supreme Court and appellate courts of this state since the rendition of this court's decision in the instant case show the wrongfulness of this court's decision; that wilful misconduct on the part of Sinnett in driving his car was shown by the evidence as a matter of law; that plaintiff's testimony, together with the express and implied admissions of defendant Sinnett, together with the favorable testimony of the witness Wilson and together with circumstantial evidence adduced proved as a matter of law that Kohle was Sinnett's passenger.

█ The petitioner for recall of remittitur is met at the threshold by a requirement that he show the purpose of the recall is not merely to amend the judgment on appeal; and this is so because ''an appellate court has no appellate jurisdiction of its own judgment; and it has no power to recall the remittitur for the purpose of reconsidering or modifying its judgment on the merits.'' (*Southwestern Inv. Corp.* v. *City of Los Angeles, supra,* p. 629.) █ ''As a general rule this Court cannot exercise any jurisdiction over a cause in which the remittitur has been issued by its order and filed in the court below. █ The office of the remittitur is to return the proceedings which have been brought up by the appeal to the court below, and when the remittitur has been duly filed the proceedings from that time are pending in that court and not in this; and in regard to them it is not competent for this court to make any further order.'' (*Rowland* v. *Kreyenhagen,* 24 Cal. 52, 59.) █ The established grounds for recall of remittitur, as hereinbefore stated, constitute an exception to the general rule and the exception does not embrace a relitigation of issues that have in truth been considered and decided by the appellate court even if it could be successfully argued that the decision was erroneous.

We think it apparent that the statement of grounds for recall show that if granted the court could do no more than reconsider that which it heretofore considered when rendering its decision. We have no power to recall the remittitur for such purpose.

If we pass from the statement of grounds to the discussions thereof as contained in petitioner's points and authorities herein, considered in the light of the contentions on appeal appearing in briefs on appeal, and of the reported decision of this court, the truth of what we have just said as to the real purpose of this proceeding even more clearly appears.

In appellant's opening brief on appeal we find under the general heading "Argument" the following assignment of error: "A. Error in submitting to the jury instructions on an issue unsupported by the evidence. 1. The California cases hold that one engaged in a joint business venture is a passenger and not a guest. 2. As a matter of law, on the basis of undisputed facts, the plaintiff was a passenger in this case. 3. In submitting instructions predicated upon the guest relationship, without supporting evidence, the court committed prejudicial error." In respondent's brief on appeal on the same subject we find the following heading: "The Court properly submitted to the jury as a question of fact whether the plaintiff was a guest or a passenger in the automobile of the defendant." In appellant's reply brief we find the following headings: "A. . . . The facts upon which appellant relies to prove that Kohle was a passenger and not a guest were admitted by respondent and were not in conflict. B. The guest passenger issue should not have been submitted to the jury because respondent's own testimony showed, as a matter of law, that appellant was a passenger. C. Submission of the guest issue to the jury was prejudicial error; . . ." We quote the following headnote to the published decision of this court:

"Plaintiff's status as a passenger or guest of defendant automobile driver is a factual question under evidence that, among other things, a prospective purchaser of plaintiff's lumber property had requested defendant to estimate the cost of logging the land and that he bring plaintiff along to point out boundary lines."

In the opinion itself this court made a recital of facts touching the issue of appellant's status under the guest law, concluding with this statement:

". . . There is evidence that conflicts with the foregoing statements of facts, but under the well-recognized rule we must disregard such conflicts."

This court then proceeded to declare that under the evidence recited and the permissible inferences which could be drawn therefrom it was proper for the trial court, having stated the applicable law, to leave it to the jury to determine from the facts as found and from the inferences as drawn by them whether appellant was guest or passenger. From all of this, therefore, we must hold that herein petitioner does no more than ask this court to recall its remittitur upon the ground that its previous decision was wrong and that as con-

tended by him throughout his appeal this court ought to have held that he was a passenger in defendant's automobile. As we said above, we cannot recall the remittitur for that purpose.

Even though a decision has been rendered after due consideration of issues presented and arguments made, nevertheless a remittitur may be recalled if the decision is based upon a mistake of fact. An examination of the grounds for the motion establishes that no mistake of fact has even been claimed. To be sure, in stating the grounds of motion, petitioner asserts that this court was laboring under a mistake of fact, but on examination it is seen that the argument really is that we were mistaken as to the law. For instance, petitioner asserts that respondent Sinnett "made admissions, express and implied, in his testimony and deposition, which were favorable to plaintiff and appellant, affiant herein, and therefore, he was and is conclusively bound thereby, which *fact* was disregarded or overlooked by the Honorable District Court of Appeal." (Italics ours.)     Whether the testimony referred to conclusively "bound" respondent Sinnett is a question of law and not an issue of fact. Several other assertions of like kind are made, but it is seen throughout that petitioner mistakenly contends that an issue of law was an issue of fact. No fraud or misrepresentation or imposition upon the court by false assertions of respondent or his counsel are claimed to exist.

Finally, it is claimed by petitioner that the decision of this court was improvidently made, not from mistake of fact or by reason of false suggestion, but from want of due consideration and thoughtlessly. If that were so, it would furnish a good ground for recall. "An order or judgment is said to have been improvidently made when it was granted thoughtlessly or without due consideration." (4 Cal.Jur.2d, § 673.) We have already said that the contents of the briefs addressed to this court on the appeal, and the form and substance of this court's opinion, demonstrate that the decision was not reached thoughtlessly or without due consideration. Heedlessness and want of consideration are not shown, even if error in the conclusion can be demonstrated, for if that were true there could never be finality in judicial decisions. Litigants could always return and reargue the merits of their controversy.

By what we have just said we are not to be understood

as conceding that this court erred in the decision of this cause. On the contrary, having perforce reconsidered the decision, we are of the same opinion still.

For the reasons given, the motion for recall of the remittitur is denied.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied October 27, 1955. (Recall of remittitur.) Appellant's petition for a hearing by the Supreme Court was denied November 3, 1955. Carter, J., was of the opinion that the petition should be granted.