[Crim. No. 5996. In Bank. Apr. 30, 1957.]

THE PEOPLE, Respondent, v. DONALD RICHARD RANDAZZO, Appellant.

Morris Lavine for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

TRAYNOR, J.—Defendant was charged by information in two counts, robbery (Pen. Code, § 211) in Count I and kidnaping for the purpose of robbery (Pen. Code, § 209) in Count II, and was found by a jury to be guilty on both counts as charged. The conviction was affirmed by the District Court of Appeal, Second Appellate District, Division One, on March 29, 1955. (*People* v. *Randazzo*, 132 Cal.App. 2d 20 [281 P.2d 289].) A petition for rehearing in the District Court of Appeal was denied, a subsequent petition for hearing in this court was also denied, and the remittitur issued on April 29, 1955.

On May 10, 1956, defendant filed with the District Court of Appeal a "Motion to Recall the Remittitur, Reinstate Appeal, and Consider Supplemental or Amended Petition for Rehearing." This motion was granted as to Count II only and the attorney general's petition for rehearing was denied. The attorney general then petitioned for a hearing in this court. Since the appeal was already set for hearing in the District Court of Appeal, we denied the petition because of our unwillingness to interfere until the District Court of Appeal had come to a final decision.

On October 16, 1956, the District Court of Appeal issued its order reversing the judgment of conviction as to Count II, stating as its basis the same ground that it had used in granting the motion to recall the remittitur, that "the opinion of this court . . . affirming a conviction of 'life imprison-

ment without possibility of parole' for the crime of kidnaping 'with intent and for the purpose of committing robbery,' under Section 209 of the Penal Code, was erroneously predicated upon said statute as it existed prior to 1951, and prior to defendant's alleged criminal acts, whereas said statute, as amended in 1951, does not make it an offense separate from robbery, to hold or detain a person for the purpose of committing robbery. . . ." A petition for rehearing in the District Court of Appeal was denied, and the case is now before us after the granting of a petition for hearing in this court.

It is contended at the outset that the order of the District Court of Appeal recalling its remittitur now constitutes a final order reinstating the appeal and that therefore, following the transfer of the cause, this court is precluded from reviewing the order recalling the remittitur and must decide the appeal on the merits. ■■■ We believe, however, that an order of an appellate court recalling a remittitur and setting the appeal for further hearing is an interlocutory order that does not establish the law of the case for further proceedings therein. In this respect it is analogous to an order of a trial court sustaining or overruling a demurrer to the complaint, which does not become binding on it. (*Berri* v. *Superior Court*, 43 Cal.2d 856, 860 [279 P.2d 8], and cases cited.) ■■■ Although the issues of fraud, mistake, or inadvertence on which the recall of a remittitur depend are distinct from the issues on the merits of the appeal, they are usually so closely related thereto that the court can determine them only by a review of its decision on the merits. (See *Southwestern Inv. Corp.* v. *City of Los Angeles*, 38 Cal.2d 623, 628-629 [241 P.2d 985]; *Isenberg* v. *Sherman*, 214 Cal. 722, 732 [7 P.2d 1006]; *Davis* v. *Basalt Rock Co.*, 114 Cal.App.2d 300, 304-310 [250 P.2d 254]; *Kohle* v. *Sinnett*, 136 Cal.App.2d 34, 38-40 [288 P.2d 139].) If the court was bound by its tentative decision that a fraud had been perpetrated upon it or that it had been inadvertent or mistaken, it would be foreclosed from the full review of the case implicit in its order for reconsideration. ■■■ Given the strong policy in favor of finality of appellate judgments after the going down of the remittitur, and the fact that the court must be free to review the grounds of its decision recalling the remittitur properly to dispose of the merits, we conclude that if it determines on further consideration that the remittitur should not have been recalled, it has the power to and must vacate its order of recall instead of redeciding the case on the merits.

(See *Southwestern Inv. Corp.* v. *City of Los Angeles, supra,* 38 Cal.2d 623, 626; *Chin Ott Wong* v. *Title Ins. & Trust Co.,* 91 Cal.App.2d 1, 3 [204 P.2d 387]; *Ex parte Gallagher,* 101 Cal. 113, 114 [35 P. 449].) ▮▮ Accordingly, implicit in the District Court of Appeal's reversal of the judgment herein was its redetermination of the correctness of its recall of the remittitur, and that issue is now before this court by virtue of our order of transfer. In this respect, the fact that we denied a hearing following the order of recall is immaterial, since our denial of hearing constituted only an exercise of our discretionary power to transfer or refuse to transfer a cause to this court that is pending in a District Court of Appeal. (Cal. Const., art. VI, § 4c.) Cases holding that an order denying a motion to dismiss an appeal becomes the law of the case (see *George* v. *Bekins Van & Storage Co.,* 33 Cal.2d 834, 850-851 [205 P.2d 1037], and cases cited) are not inconsistent with our conclusion herein, for in such cases the issues on the motion and merits respectively are ordinarily distinct and the policy in favor of finality of judgments is not involved. The statement in *Municipal Bond Co.* v. *City of Riverside,* 4 Cal. App.2d 442, 445 [41 P.2d 215], that the determination of issues on an order recalling a remittitur becomes the law of the case was not necessary to the decision therein and is disapproved.

The order of the District Court of Appeal granting the motion to recall the remittitur as to Count II, ordering the judgment on that count vacated and the remittitur recalled, shows on its face that it was based on an error of law. ▮▮ It is settled that an error of law does not authorize the recall of a remittitur. (*Southwestern Inv. Corp.* v. *City of Los Angeles, supra,* 38 Cal.2d 623, 626, and cases cited.)

Moreover, it is clear from its first opinion that the District Court of Appeal reviewed the sufficiency of the evidence in the light of the provisions of Penal Code, section 209, as they read at the time the alleged crime was committed. Thus, both defendant and the attorney general briefed the case with reference to the code section as amended, and the District Court of Appeal quoted defendant's contention that he was not guilty of kidnaping to commit robbery "under Section 209, Penal Code, as amended in 1951," set forth the facts that the victim was kidnaped after the service station was robbed, and quoted with approval the argument in the attorney general's brief that defendant was guilty under section 209 as amended on the ground that

"Where a kidnaping takes place after the actual perpetration of a robbery such kidnaping may be a kidnaping for the purpose of robbery if it may reasonably be inferred that the transportation of the victim was to effect the escape of the robber or to remove the victim to another place where he might less easily sound an alarm.

"*People* v. *Kristy*, 4 Cal.2d 504, 507-508 [50 P.2d 798].

"*People* v. *Raucho*, 8 Cal.App.2d 655, 665-666 [47 P.2d 1108].

"*People* v. *Bean*, 88 Cal.App.2d 34, 40-41 [198 P.2d 379]." (132 Cal.App.2d at p. 24.)

Defendant contends that the judgment of conviction on Count II was void and that he was denied due process of law on the ground that he was convicted of an offense unknown to the law. In support of this contention he urges that the information failed to state a public offense since it was couched in the language of section 209 prior to its amendment in 1951 and that the jury was instructed according to the law prior to the amendment.

At no time during the course of the appeal, in his brief on appeal, or his petitions for rehearing and hearing, did defendant, who was then represented by the same counsel as he is now, make any attack upon the information, nor did he point out any inaccuracy or other impropriety of the instructions that he now complains of. He merely asserted, so far as the instructions on kidnaping for the purpose of robbery were concerned, that none should have been given on that subject on the ground that the evidence would not support a conviction of that crime. No explanation is offered for his failure to raise these points during the appeal or before the issuance of the remittitur, or for his delay for more than a year after the remittitur issued in seeking to set it aside.

■ An information is sufficient if it charges the defendant with the commission of a public offense in words sufficient to give him notice of the offense of which he is accused. (*People* v. *Roberts*, 40 Cal.2d 483, 486-487 [254 P.2d 501]; Pen. Code, § 952.) Only the essential elements of the offense need be charged. (*People* v. *Britton*, 6 Cal.2d 1, 5 [56 P.2d 494].) ■ Notice of the particular manner, means, place or circumstances of the offense is given, not by detailed pleading, but by the transcript of the evidence before the committing magistrate. (*People* v. *Pierce*, 14 Cal.2d 639, 646 [96 P.2d 784].) ■ Surplusage, however, does not vitiate the information and may be rejected if enough remains to charge

the offense. (*People* v. *Steelik*, 187 Cal. 361, 371 [203 P. 78] ; *People* v. *Walton*, 70 Cal.App.2d Supp. 862, 865 [161 P.2d 498], and cases cited.)

At the time the crime was committed Penal Code, section 209 provided: "Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps, or carries away any individual by any means whatsoever with intent to hold or detain or who holds or detains, such individual for ransom, reward or to commit extortion or to exact from relatives or friends of such person any money or valuable thing, or any person who kidnaps or carries away any individual to commit robbery, or any person who aids or abets any such act, is guilty of a felony and upon conviction thereof shall suffer death or shall be punished by imprisonment in the state prison for life without possibility of parole, at the discretion of the jury trying the same, in cases in which the person or persons subjected to such kidnaping suffers or suffer bodily harm or shall be punished by imprisonment in the state prison for life with possibility of parole in cases where such person or persons do not suffer bodily harm."

In Count II of the amended information it was charged that "For a further and separate cause of action, being a different offense of the same class of crimes and offenses as the charge set forth in Count I hereof, the said DONALD RICHARD RANDAZZO is accused by the District Attorney of and for the County of Los Angeles, State of California, by this amended information, of the crime of KIDNAPING FOR THE PURPOSE OF ROBBERY, a felony, committed as follows: That the said DONALD RICHARD RANDAZZO on or about the 14th day of September 1953, at and in the County of Los Angeles, State of California, did wilfully, unlawfully and feloniously seize, confine, abduct, conceal, kidnap and carry away Ed Hallmark, an individual, with the intent to hold and detain, and who did hold and detain, said Ed Hallmark, with intent and for the purpose of committing robbery.

"That said Ed Hallmark so kidnaped was subjected to and did suffer bodily harm by said DONALD RICHARD RANDAZZO."

The part of the foregoing count that defendant did "seize, confine, abduct, conceal" and "who did hold and detain said Ed Hallmark, with intent and for the purpose of committing robbery," are not chargeable as public offenses under Penal Code, section 209, as amended. If these parts of the count are disregarded as surplusage, however (*People* v. *Steelik, supra,* 187 Cal. 361, 371), Count II would still

charge the offense of kidnaping for the purpose of robbery in violation of section 209 as amended and give defendant ample notice of the offense of which he was accused, for it would then read: ". . . that the said DONALD RICHARD RANDAZZO on or about the 14th day of September, 1953, at and in the County of Los Angeles, State of California, did willfully, unlawfully and feloniously . . . kidnap and carry away Ed Hallmark, an individual, . . . with intent and for the purpose of committing robbery." If the offense was not stated with sufficient clarity to enable defendant to present his defense, he should have demurred on one or more of the grounds set forth in Penal Code, section 1004. (*People* v. *Schoeller,* 96 Cal.App.2d 61, 62 [214 P.2d 565]; *People* v. *Waid,* 127 Cal.App.2d 614, 616-617 [274 P.2d 217].)

Defendant's complaint that erroneous instructions were given would not authorize the recall of the remittitur, for it is a complaint of an error of law and judicial error only, and a remittitur will not be recalled to correct judicial error or mistake of law. Any objection defendant had to the instructions should have been raised on his appeal from the judgment of conviction. (*People* v. *Whitton,* 112 Cal.App. 2d 328, 332 [246 P.2d 60].)

It follows from the foregoing that the District Court of Appeal should have vacated its order recalling the remittitur and not redecided the case on the merits. Since the motion to recall the remittitur was made to the District Court of Appeal, however, the correct disposition after granting the petition for hearing is to return the proceeding to that court with appropriate directions. (*Southwestern Inv. Corp.* v. *City of Los Angeles, supra,* 38 Cal.2d 623, 630.) Accordingly, the cause is transferred to the District Court of Appeal, Second Appellate District, Division One, with directions to file its order vacating its order recalling the remittitur and to reissue the remittitur on its decision affirming the judgment.

Gibson, C. J., Schauer, J., and Spence, J., concurred.

SHENK, J., Concurring and Dissenting.—I concur in the conclusion of the majority that the judgment as to Count II should be affirmed. However, I am convinced that the judgment of affirmance should be rendered by this court and not by the District Court of Appeal upon remand with directions or otherwise; and I agree with the discussion and

conclusions of Mr. Justice Carter on this point in his dissenting opinion. I wish to emphasize the confusion which in my opinion the prevailing opinion has injected into the practice and procedure in situations of this sort and that in this respect the opinion is not constitutionally sound.

It is noted that the defendant was charged by information in two counts, robbery in Count I and kidnapping for the purpose of robbery in Count II. He was convicted on both counts and separate sentences were pronounced. On appeal to the District Court of Appeal the judgment as to both counts was affirmed. A petition for rehearing in that court was denied and a petition for hearing in this court was denied. The defendant moved the District Court of Appeal to recall the remittitur as to Count II only on the ground that the judgment on that count was void; that it had been improvidently made upon an innocent false suggestion; that it has been based on a mistake of fact; that it had been made through inadvertence on the part of the court and counsel, and that it had resulted in a miscarriage of justice. The motion was granted and the remittitur was recalled as to Count II. The appeal as to that count was reinstated and was set down for rehearing. The judgment on Count I became final. The attorney general filed a petition for hearing in this court following the order recalling the remittitur. That petition was denied. The appeal as to Count II was reconsidered by the District Court of Appeal and the judgment as to that count was reversed. A petition for a hearing as to that judgment was granted and the cause was thereby transferred to this court.

It may not be denied that the District Court of Appeal had jurisdiction to entertain the motion to recall the remittitur. It is also beyond question that the motion was a "cause" as contemplated by the Constitution and was subject to transfer to this court on petition for hearing. This court entertained such a petition and denied it. The power of each court to act in each instance was present and when this court denied the petition for hearing the question of the propriety of the order of recall was settled and became either the law of the case or res judicata. Thereafter the appeal as to Count II was before the District Court of Appeal the same as if no judgment had been rendered by that court therein and as if no remittitur had issued. Thereafter that court reversed the judgment based on Count II. When this

court granted a hearing the judgment of the District Court of Appeal was thereby set aside and the appeal was pending in this court the same as on original appeal and subject to disposition as such. Whatever occurred in the District Court of Appeal on the motion to recall the remittitur had been finally settled and this court should now determine the appeal on its merits.

If the petition for hearing after the decision of the District Court of Appeal in recalling the remittitur had been granted the disposition of that matter might have taken the course followed in *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985]. But such is not this case. When this court denied the petition to review the order of the District Court of Appeal in recalling the remittitur the question whether the order of recall was rightly or wrongly granted faded from the case and was no longer subject to reconsideration. Notwithstanding that fact the majority now directs the District Court of Appeal to vacate its order recalling the remittitur, to reinstate its original judgment and to affirm the judgment of the trial court.

It should be remembered that this court has no appellate jurisdiction as such over the judgments of the District Courts of Appeal. The method of review is by petition for hearing. In the absence of an order of transfer to this court pursuant thereto, those judgments become final by operation of law. When an order of transfer is entered the appeal is then pending not in the District Court of Appeal but in this court for determination. The majority opinion states that the District Court of Appeal "lost jurisdiction" of the appeal upon the issuance of the remittitur and was without jurisdiction to recall it. That question was inherent in the petition for hearing in this court to set aside the order recalling the remittitur and has long since become final. It is not a matter for review on the appeal from the judgment, which is the only matter now before us.

Further confusion is infused into the law by calling the order of the District Court of Appeal in recalling the remittitur an "interlocutory order." Such an order is one that imports a lack of finality in the disposition of the matter involved. Here the question of the finality of the order of recall became final and the order can in no sense be deemed "interlocutory." That term has a well known and definite meaning, usually provided for by statute, and has no application to a final disposition of the appeal now before us.

On the merits the record supports the judgment and it should be affirmed by order of this court.

McComb, J., concurred.

CARTER, J.—I dissent.

The majority opinion is predicated upon the theory that the recall of a remittitur by an appellate court is a mere interlocutory order and is analogous to an order of a trial court sustaining or overruling a demurrer to a complaint. In this connection it cites and relies upon *Berri* v. *Superior Court,* 43 Cal.2d 856 [279 P.2d 8], which holds that an order sustaining a demurrer without leave to amend is not a final order and may be changed by the court at any time before judgment is entered in accordance therewith. The holding of the majority in this respect is clearly unsound as it fails to give consideration to the basic problems involved in a proceeding for the recall of a remittitur. It has been repeatedly held that when a remittitur is issued and filed in the court below, the appellate court loses jurisdiction of the cause and thereafter has no power to modify or change its decision or judgment unless and until the remittitur is recalled and its jurisdiction is restored. This court has recently reannounced the rule as to when and upon what conditions a remittitur may be recalled. In *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985], this court stated at page 626: ''That a remittitur may be recalled on the reviewing court's own motion, on motion or petition after notice supported by affidavits, or on stipulation setting forth the facts which will justify the granting of the order is now determined by rule. (Rule 25(d), Rules on Appeal; 36 Cal.2d at p. 22.) The question as to when the facts constitute grounds for the granting of the motion is resolved by the case law. Other than for the correction of clerical errors, the recall may be ordered on the ground of fraud, mistake or inadvertence. The recall may not be granted to correct judicial error.'' Recent decisions of the District Courts of Appeal are to the same effect (*Davis* v. *Basalt Rock Co.,* 114 Cal.App.2d 300 [250 P.2d 254]; *Kohle* v. *Sinnett,* 136 Cal.App.2d 34 [288 P.2d 139]). Therefore, having in mind that as a general rule an appellate court cannot exercise any jurisdiction over a cause in which the remittitur has been issued by its order and filed in the court

below, and that the office of the remittitur is to return the proceedings which have been brought up by appeal to the court below, and when the remittitur has been duly filed, the proceedings from that time are pending in the trial court and not in the appellate court, and that as to such proceedings it is not competent for the appellate court to make any further order until the remittitur is recalled by it (*Kohle* v. *Sinnett, supra*), it should be apparent that an order granting a motion for the recall of a remittitur issued by an appellate court is something more than a mere interlocutory order such as an order sustaining or overruling a demurrer. This must be the situation because, until such an order is made, the appellate court is without jurisdiction to act in the case (*Chin Ott Wong* v. *Title Ins. & Trust Co.,* 91 Cal.App.2d 1 [204 P.2d 387]). It must necessarily follow, therefore, that when an order is made by an appellate court recalling a remittitur issued by it, the effect of such order is to restore jurisdiction of the cause in that court. True, it may have erroneously granted such order, but if so, the error would be one committed within the exercise of its jurisdiction, and when such an order becomes final, it is not subject to collateral attack. In this respect, an order made by an appellate court recalling a remittitur is analogous to an order made by such a court denying a motion to dismiss an appeal (*George* v. *Bekins Van & Storage Co.,* 33 Cal.2d 834 [205 P.2d 1037]). Either of them may be based on facts outside of the record. Following either the court must make its decision on the merits of the case on appeal.

The majority erroneously assumes that the issues which may be involved on a motion for the recall of a remittitur are usually so closely related to the issues on the merits of the appeal that the court can determine them only by a review of its decision on the merits. There is no basis in either law or fact for this assumption. On the other hand, let us assume that in support of a motion to recall a remittitur issued by a District Court of Appeal the moving party made out a clear case of extrinsic fraud by a showing that he was falsely induced by the adverse party to absent himself from the hearing before the District Court of Appeal and that the adverse party falsely represented to the District Court of Appeal that the moving party waived any right to a decision in his favor by the appellate court and the appellate court acted upon such misrepresentation to the detriment of the moving party who did not learn of the

deception and fraud until after the issuance of the remittitur. Assume that upon such showing the District Court of Appeal recalled and set aside its remittitur and this court thereafter denied a petition for hearing of the cause and the order granting the motion to recall and set aside the remittitur became final. Would this court hold in such a case that on petition for hearing after the District Court of Appeal had rendered its decision on the merits that its prior decision recalling and setting aside the remittitur could then be reviewed by this court? I have grave doubt that it would so hold, but under the holding in the majority opinion in this case, the order of an appellate court recalling a remittitur, even in the circumstances above recited, could be set aside by this court at any time *regardless of the period of time which had elapsed since the remittitur was recalled.*

The majority cites and relies upon *Southwestern Inv. Corp.* v. *City of Los Angeles,* 38 Cal.2d 623 [241 P.2d 985] ; *Isenberg* v. *Sherman,* 214 Cal. 722 [7 P.2d 1006] ; *Davis* v. *Basalt Rock Co.,* 114 Cal.App.2d 300 [250 P.2d 254] ; *Kohle* v. *Sinnett,* 136 Cal.App.2d 34 [288 P.2d 139]. But in none of these cases had the order recalling the remittitur become final as it had in the case at bar; that is, in every one of the last cited cases this court granted a hearing and transferred the cause from the District Court of Appeal to this court before the order made by the District Court of Appeal recalling the remittitur had become final, and this court, therefore, had before it the cause in which the order was made granting the recall. Such being the case, there was no collateral attack upon the order recalling the remittitur as this court had the same power to review the order recalling the remittitur as the District Court of Appeal had when it heard the motion and made the order in the first instance. Such is not the situation here as the record discloses that on July 11, 1956, the District Court of Appeal rendered a decision in which it ordered that the remittitur be recalled. That decision is as follows: ''It appearing from the record that the opinion of this court, filed March 29, 1955, affirming a conviction of 'life imprisonment without possibility of parole' for the crime of kidnapping 'with intent and for the purpose of committing robbery,' under section 209 of the Penal Code, was erroneously predicated upon said statute as it existed prior to 1951, prior to defendant's alleged criminal acts, in which year it was amended, whereas said statute, as amended in 1951, does not make it an offense separate from

robbery, to hold or detain a person for the purpose of committing robbery, good cause appearing, it is ordered that appellant's motion to recall the remittitur as to Count II is granted and it is ordered that the judgment heretofore entered (on March 29, 1955) as to said Count II is vacated and set aside and the remittitur issued thereon (April 29, 1955) is recalled.

"The appeal as to said Count II is ordered on calendar August 28, 1956, at 10 a. m., for consideration of an amended petition for rehearing as to the affirmance of the judgment rendered on said Count II." (143 Cal.App.2d 59 at page 60 [299 P.2d 307].)

It will be recalled that this court denied the petition of the attorney general to grant a hearing and review said decision on August 8, 1956. Such denial had the effect of rendering the order recalling the remittitur a final judgment of the District Court of Appeal which should now be binding upon this court.

In this respect the majority opinion states: "We believe, however, that an order of an appellate court recalling a remittitur and setting the appeal for further hearing is an interlocutory order that does not establish the law of the case for further proceedings therein." No authority is cited in support of this statement, and the only decided case on this subject is to the contrary. (See *Municipal Bond Co.* v. *City of Riverside,* 4 Cal.App.2d 442 [41 P.2d 215].) The majority opinion purports to disapprove the holding in this case.

In my opinion the order of the District Court of Appeal in recalling its remittitur here is res judicata and may not now be reexamined by this court. The case, however, is properly before this court on the merits as it was transferred to this court by an order granting a hearing on November 14, 1956, after the decision of the District Court of Appeal rendered on the merits on October 16, 1956, as follows: "It appearing that the opinion of this court, filed March 29, 1955, affirming a conviction of 'life imprisonment without possibility of parole' for the crime of kidnapping 'with intent and for the purpose of committing robbery,' under section 209 of the Penal Code, was erroneously predicated upon said statute as it existed prior to 1951, and prior to defendant's alleged criminal acts, whereas said statute, as amended in 1951, does not make it an offense separate from robbery, to hold or detain a person for the purpose of com-

mitting robbery, and the remittitur in said case having been recalled as to Count II by order of this court filed on July 11, 1956 and the judgment as to Count II having been vacated by said order, and the matter now being submitted for decision,

"It is hereby ordered, good cause appearing therefor, that the judgment appealed from, in respect to Count II, is hereby reversed." ((Cal.App.) 302 P.2d 39.)

I agree with this decision and I find no answer to it in the majority opinion.

In conclusion I wish to point out that the provision for transfer of causes from a District Court of Appeal to this court is stated in the Constitution.* The term "cause" is broad and includes any and all orders. It is said in *In re Wells*, 174 Cal. 467, 471 [163 P. 657]: "The particular clause involved here is that which gives the supreme court power 'to order any *cause* pending before a district court of appeal to be heard and determined by the supreme court.' The contention is that the matter before the district court was not a 'cause' within the meaning of that word as used in the above-quoted clause of the section.

". . . This provision has always been understood to apply to *all cases, matters, and proceedings of every description.* It has been the unvarying custom of the court in Bank to entertain an application for rehearing of any matter decided in department, *regardless of its nature or character.* The rule has been applied in original proceedings of all kinds, *in motions to dismiss appeals* and other matters, as well as in ordinary cases on appeal. The word 'cause,' in the clause above quoted, was understood to be broad enough to include *everything that could possibly come before the department for decision.*

". . . To describe the decisions subject to this power the

---

*"The Supreme Court shall have power to order any cause pending before the Supreme Court to be heard and determined by a district court of appeal, and to order any cause pending before a district court of appeal to be heard and determined by the Supreme Court. The order last mentioned may be made before judgment has been pronounced by a district court of appeal, or within 15 days in criminal cases, or 30 days in all other cases, after such judgment shall have become final therein. The judgment of the district courts of appeal shall become final therein upon the expiration of 15 days in criminal cases, or 30 days in all other cases, after the same shall have been pronounced.

"The Supreme Court shall have power to order causes pending before a district court of appeal for one district to be transferred to the district court of appeal for another district, or from one division thereof to another, for hearing and decision." (Cal. Const., art. VI, § 4c.)

word 'cause' was selected. This was the word used in the clause of section 2 giving similar power over the department decisions, which, in that clause, as we have said, has been understood to apply to every matter that could be decided by a department. The familiar rule of construction requires that it be given a similarly *broad* meaning in the new provision, and to include *every* matter decided by a district court of appeal, and operating as a final decision or disposition thereof in that court. It is clear, therefore, that the power to transfer causes from the district court of appeal, to the supreme court, either before or after judgment in the district court of appeal, was intended to have this *all-embracing* application.'' (Emphasis added.)

From the foregoing discussion in the Wells case it seems clear that a motion to recall a remittitur in a District Court of Appeal is a cause within the purview of the above cited constitutional provision, and, therefore, when the District Court of Appeal rendered its decision on July 11, 1956, in which it ''ordered that appellant's motion to recall the remittitur as to Count II is granted and it is ordered that the judgment heretofore entered (on March 29, 1955) as to said Count II is vacated and set aside and the remittitur issued thereon (April 29, 1955) is recalled,'' it decided a cause pending in that court. Its decision in said cause became final 30 days thereafter (under the former rule) unless an order was made by this court within that time transferring said cause to this court. Since no such order was made by this court, the decision of the District Court of Appeal in said cause became final and, like a decision of that court on a motion to dismiss an appeal, was not thereafter subject to review by this court.

For the reasons above stated I would reverse the judgment as to Count II of the information.