[Crim. No. 2842.   Third Dist.   Oct. 3, 1958.]

THE PEOPLE, Respondent, v. SAMUEL BOSTON, Appellant.

Walter Cook, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and William O. Minor, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of second degree burglary following a trial before the court sitting without a jury. He contends that (1) the evidence is insufficient to support the judgment; (2) the trial court improperly admitted an out-of-court statement; (3) the information fails to state a public offense; and (4) the trial court had no jurisdiction to try the case.

The record shows that an employee of the Myshoppe in North Sacramento heard clothes hangers rattling in a stock

room in the back of the store. She investigated and found a man, later identified as the defendant, with an armload of merchandise retreating through the hallway at the rear of the shop which led to the street. The witness followed the defendant, saw him throw the clothes into a waiting car and get into the driver's seat. She called the store owner who ran to the car and recognized the clothes as merchandise from her store. The defendant, being unable to start the car, fled as the owner screamed for assistance. At that point another man got into the car and also fled when he too was unable to start the motor. Both men were arrested within a matter of minutes approximately a block from the store. Following his arrest the defendant stated to police that he had recently come to North Sacramento after being told of a quick way to make money; that he entered the store through the back entrance, took the clothes out of the rear of the store and put them in the car. When asked what he proposed to do with the clothes, the defendant replied, ''Sell them, I guess.''

■ We find no merit in defendant's first attack upon the sufficiency of the evidence. He was first seen in the rear of the store with merchandise from its stock. He was not seen to enter through the front door, nor was he seen at any time in the front part of the store where business was conducted. He was seen putting merchandise from the store into a waiting car in which he was attempting to flee, and failing to start the car he fled on foot. Such facts were amply sufficient to establish the elements of the offense and sustain the judgment of the trial court.

■ Likewise without merit is defendant's second contention—that the trial court improperly admitted into evidence his out-of-court admission of the commission of the crime before the corpus delicti was proved. All of the above facts were in evidence prior to the admission of his statement.

He next contends that the information failed to state a public offense in that it failed to allege that he entered the store building with ''intent to commit grand or petit larceny or any felony.'' (Pen. Code, § 459.) ■ Under the provisions of Penal Code, section 950, an accusatory pleading must contain a statement charging the commission of a public offense, the purpose being to inform the defendant of the charge he must meet at the trial. ■ It is the notice of the offense with which he is charged, not the particular circumstances thereof, to which a defendant is entitled. The

details are furnished him by the transcript of the testimony upon which the information was founded. (*People* v. *Beesly,* 119 Cal.App. 82, 87 [6 P.2d 114, 970] [cited with approval in *People* v. *Pierce,* 14 Cal.2d 639, 645-646 (96 P.2d 784)].) ▓ Certainly under the circumstances as disclosed by the record herein, and in the absence of any showing that the transcript of the evidence taken at the preliminary hearing failed to furnish the details which he now contends were omitted from the information, it cannot be said that he has suffered prejudicially thereby. ▓ Moreover a judgment will not be reversed because of an error in the form of the information unless after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. (*People* v. *Schoeller,* 96 Cal.App.2d 61, 64 [214 P.2d 565]; *People* v. *Gordon,* 71 Cal.App.2d 606, 611 [163 P.2d 110].) ▓ " 'Even where an indictment or information is so defective that a demurrer thereto should have been sustained, still, if upon the trial the crime sought to be charged is fully proved, the case falls within the saving grace of section $4\frac{1}{2}$ of article VI of the California Constitution, and of section 960 of the Penal Code, relating to errors in matters of pleading, and the error is not prejudicial.' " (*People* v. *Schoeller, supra,* p. 64.)

Since the final contention of defendant is dependent upon an affirmative answer to his contention above discussed, it becomes unnecessary to consider the same.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied October 17, 1958.