Filed 7/10/25  P. v. Franco-Alvarez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VICTOR MANUEL FRANCO-ALVAREZ,<br><br>    Defendant and Appellant. | F087552<br><br>(Super. Ct. No. F19907870)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ian Whitney and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Peña, J. and Snauffer, J.

# INTRODUCTION

On November 17, 2020, appellant Victor Manuel Franco-Alvarez (Alvarez) was convicted by jury of committing a lewd act upon a child under the age of 14 (Pen. Code,[1] § 288, subd. (a), count 1), sexual penetration by force or duress on a child under the age of 14 (§ 289, subd. (a)(1)(B), count 3), and sexual penetration by force or duress (§ 289, subd. (a)(1)(A), count 4).

Alvarez appealed arguing *inter alia* that count 4 was a lesser-included offense of count 3, and his conviction on count 4 should therefore be vacated. We agreed, reversed one of the counts for which Alvarez was convicted, and remanded the matter back to the lower court for a full resentencing hearing. We also struck the trial court's postjudgment no-contact order (§ 1202.05) and remanded the matter for further proceedings on the AIDS testing order (§ 1202.1). (See *People v. Franco-Alvarez* (Jul. 9, 2025, F082345) [nonpub. opn.] (*Franco-Alvarez I*).)[2]

On January 18, 2024, the trial court sentenced Alvarez to a determinate term of eight years, including the middle term of six years on count 4, plus the middle term of two years on count 1.

On appeal, Alvarez's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Appellate counsel attached a declaration to his brief stating that he advised Alvarez of his right to file a supplemental brief with this court.

By letter dated October 7, 2024, this court also sent Alvarez a letter advising him of his right to file a brief of his own with this court. We did not receive a response from him.

---

[1] All undefined statutory citations are to the Penal Code unless otherwise indicated.

[2] Our decision was originally filed on February 24, 2023, but was recalled, vacated, and then refiled on July 9, 2025.

2.

Following our independent review of the record, we ordered the parties to submit briefs addressing Alvarez's conviction on count 3 for sexual penetration by force or duress on a child under the age of 14 (§ 289, subd. (a)(1)(B)). While the discussion section of our prior opinion in *Franco-Alvarez I* explicitly directed the lower court to vacate count 4, the lesser-included offense, our disposition erroneously instructed the lower court to reverse count 3, the greater offense.

In response to our order, appellant's counsel submitted a brief to this court. After reviewing the submission, we informed the parties of our intent to recall the remittitur in *Franco-Alvarez I* to correct a clerical error in our disposition and invited them to file briefs raising any legal objections. Appellant's counsel filed a timely objection. The Attorney General did not initially respond to our briefing order but, after our notice issued, sought and obtained permission to file an untimely brief. The Attorney General did not object to our proposed recall.

After considering the parties' briefs, Alvarez's objection, and the record, we recalled the remittitur in *Franco-Alvarez I* to correct the clerical error. Accordingly, the instant appeal is moot and is dismissed.

## STATEMENT OF FACTS

The following factual summary is derived from this court's unpublished opinion in *Franco-Alvarez I*:

### The Prosecution's Case

Between the ages of 12 or 13 and 14 years old, M.F. was sexually abused by Alvarez, her father, on multiple occasions.[3] At trial, she testified to the incidents as she recalled them. She was unable to recall the details of some of the incidents that had occurred. And, with respect to the incidents she was able to describe, she could not recall specific dates or the precise chronological order in which the incidents had occurred.

---

[3] At trial, M.F. described eight separate incidents in which Alvarez had sexually abused her. Alvarez was acquitted of some of the incidents described by M.F.

M.F. did not immediately disclose the sexual abuse to anyone. Throughout her testimony, she described her father as being physically and verbally abusive. M.F. testified that she was afraid of her father because he would often raise his voice and he had hit M.F. and her brothers.

In 2018, M.F.'s parents separated. M.F. moved out of the house with her mother and two of her brothers. She then disclosed the sexual abuse to her mother. After the incident was reported to the police, M.F. made a tape-recorded pretextual phone call to Alvarez. Although Alvarez never expressly apologized for the sexual abuse, he told her that he went to get counseling for "[e]verything I've done."

## DISCUSSION

I. **Recall of the Remittitur in Our Prior Opinion Was Necessary to Correct a Clerical Error**

Our prior opinion, *Franco-Alvarez I*, contains a singular error in the disposition. We therefore recalled the remittitur to correct that error.

### A. Background

In the parties' appellate briefs submitted in *Franco-Alvarez I*, Alvarez argued that his conviction on count 4 for sexual penetration by force or duress (§ 289, subd. (a)(1)(A)) should be reversed, as it was a lesser-included offense of his conviction on count 3 for sexual penetration by force or duress on a child under the age of 14 (§ 289, subd. (a)(1)(B)). The Attorney General agreed, as did we. Our discussion addressed why count 4 should be reversed. However, our disposition erroneously ordered the reversal of count 3. The matter was remanded back to the lower court, and Alvarez was resentenced accordingly.

On appeal from that sentence, appellate counsel for Alvarez filed a *Wende* brief, requesting this court review the record independently for error.

On February 14, 2025, we sent the parties an order notifying them that this court intended to recall the remittitur in *Franco-Alvarez I* to correct the clerical error in our disposition (see Cal. Rules of Court, rule 8.272(c)(2)). We advised the parties that if they

had any legal objection, that they may file briefs with the court. Alvarez filed an objection. The Attorney General did not.

We thereafter recalled the remittitur by separate order.

**B.      Analysis**

A reviewing court has the inherent power to recall a remittitur on its own motion and for "good cause." (See Cal. Rules of Court, 8.272(c)(2).) The motion or petition to recall the remittitur may operate as a belated petition for rehearing on special grounds, without any time limitations. (See *Bryan v. Bank of America* (2001) 86 Cal.App.4th 185, 191.)

"Other than for the correction of clerical errors, the recall may be ordered on the ground of fraud, mistake or inadvertence. The recall may not be granted to correct judicial error." (*Southwestern Inv. Corp. v. City of Los Angeles* (1952) 38 Cal.2d 623, 626; see e.g., *Horan v. Varian* (1929) 207 Cal. 7, 8 [remittitur recalled after costs were awarded to wrong party on appeal]; but see, *Southwestern Inv. Corp. v. City of Los Angeles*, *supra*, 38 Cal.2d at p. 626 [remittitur may not be recalled to reexamine the case on the merits]; and *Kohle v. Sinnett* (1955) 136 Cal.App.2d 34, 37 ["We think it apparent that the statement of grounds for recall show that if granted the Court could do no more than reconsider that which it heretofore considered when rendering its decision. We have no power to recall the remittitur for such purpose."].)

There is a clerical error in this court's disposition from Alvarez's prior appeal (*Franco-Alvarez I*). The analysis addressed why count 4 must be reversed, but our disposition erroneously reversed count 3. Bound by our disposition, the trial court resentenced Alvarez on count 4.

Alvarez argues that the error is not necessarily prejudicial because amended section 654 no longer requires the trial court to impose the greater term where the defendant is convicted of a greater and lesser-included offense. (See Assembly Bill No. 518 (2021-2022 Reg. Sess.), eff. Jan. 1, 2022; see also, *People v. Meno* (2024) 102 Cal.App.5th 943, 949 (*Meno*), review granted, Sept. 11, 2024, S286092 [concluding that

where a lesser included offense carries a more severe penalty than the greater offense, the court did not err in reversing the lesser-included offense].)

Assuming that Alvarez is correct, and the trial court may now elect between imposing the lesser-included or greater offense, that does not change the fact that there is an error in our disposition. At the time of Alvarez's original appeal, the parties agreed that count 4, the lesser-included offense should be reversed. (See *People v. Vasquez* (2021) 63 Cal.App.5th 107, 115, partially superseded by section 654 ["the generally understood rule is that appellate courts should 'reverse the conviction for the included offense and direct the entry of a dismissal of the less serious crime,' " and that the "included offense is usually the 'less serious crime,' meaning it carries lesser punishment"]; *People v. Moran* (1970) 1 Cal.3d 755, 763 ["If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed"]; *People v. Cole* (1982) 31 Cal.3d 568, 582 [same].)

Alvarez did not argue that the court should have discretion to select between reversing the lesser-included or greater offense based upon newly enacted law. And, though it is tempting to grant his request to amend our disposition so that he may raise his argument in the trial court below, such an action exceeds our authority. On one hand, Alvarez contends that this court's original disposition in *Franco-Alvarez I* should have remanded the matter back to the trial court based upon then-effective amendments to section 654. In other words, despite the parties' agreement in Alvarez's original appeal that count 4 should be reversed, he now contends that our prior disposition was the result of a judicial error. A motion to recall the remittitur is not available to correct judicial error, i.e., a mistake of law or faulty conclusion as to the legal effect of the facts, where there was no fraud, imposition, mistake of fact, or improvident issuance. (See *People v. Randazzo* (1957) 48 Cal.2d 484, 488; *People v. Stone* (1949) 93 Cal.App.2d 858, 860.)

On the other hand, in arguing that count 3 was appropriately reversed, Alvarez directs this court to *People v. Meno*, a case filed post-remittitur. *Meno*'s holding was

explicitly limited to the following scenario: "where, as here, the necessarily included offense carries the longer potential sentence, … there is no requirement that the trial court vacate the necessarily included offense, so long as the court does not maintain convictions for both offenses." (*Meno*, *supra*, 102 Cal.App.5th at p. 956.)

In the case at bench, the lesser-included offense does not carry the greater sentence. However, some of *Meno*'s reasoning lends support to Alvarez's assertion that the trial court should have discretion to reverse either the lesser-included or the greater offense. (See *Meno, supra,* 102 Cal.App.5th at p. 955, citing *People v. Vasquez*, *supra*, 63 Cal.App.5th at p. 115 ["we can find no authority requiring that the necessarily included offense must always be the one vacated"].) Even so, this alone does not grant us the authority to amend our prior disposition beyond correcting a clerical error.

Alvarez further argues that his sentence is not unauthorized and points out that the People did not challenge it either in the trial court or on appeal. He contends that "any action this court might take that could expose him to a greater sentence at this point would be akin to punishing him for exercising his right to appeal."

The issue before this court is whether it is appropriate to recall the remittitur in *Franco-Alvarez I* due to a clerical error in our disposition. The question of whether his sentence is unauthorized or whether the People objected to its imposition is not directly relevant to this determination.

Moreover, Alvarez's arguments challenging any potential modifications to his sentence are premature. He has not yet been resentenced, nor has his sentence been altered. Should that occur, Alvarez is not precluded from raising his arguments at that time, and if necessary, in a subsequent appeal. For now, we conclude that his objections remain premature.

By separate order, we have recalled the remittitur in *Franco-Alvarez I* to correct the clerical error in our disposition. As a result, the instant appeal is dismissed as moot.

## **DISPOSITION**

The instant appeal is dismissed as moot.